IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRUCE T. WILLIAMS and )
LILLIAN F. WILLIAMS, )
 )
      Plaintiffs, )
 )
v. ) No. 3:05-cv-189
 )
BRIAN LEATHERWOOD and )
CITY OF KNOXVILLE, TENNESSEE, )
 )
      Defendants. )

## **MEMORANDUM and ORDER**

This civil action is before the court on the plaintiffs' motion to alter or amend the court's memorandum opinion granting summary judgment to defendant Brian Leatherwood and for additional conclusions of law [doc. 43]. Defendant Leatherwood has responded [doc. 50], and the motion is ripe for the court's consideration. For the reasons discussed below, the motion to alter or amend and for additional conclusions of law will be denied.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a court may correct errors of law or fact or consider newly discovered evidence. *See Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (citing

*Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992)).

> A motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:
> 1) an intervening change of controlling law;
> 2) evidence not previously available has become available; or
> 3) it is necessary to correct a clear error of law or prevent manifest injustice.
>
> A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered. Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before. . . . [W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.

*Id.* (quoting *Keweenaw Bay* with citations omitted).

On June 26, 2006, the court entered an Order and a Memorandum Opinion granting the motion of defendant Brian Leatherwood for summary judgment on all the claims against him. In their motion to alter or amend the court's summary judgment decision, the plaintiffs allege multiple errors related to the court's conclusions of law and one error related to a finding of fact. The plaintiffs have not presented any new evidence or law that would require alteration of the court's previous opinion.

The alleged factual error relates to the court's finding that Officer Leatherwood was by himself when he approached the driver's side of the

2

Case 3:05-cv-00189   Document 53   Filed 08/16/06   Page 2 of 3   PageID #: 17

plaintiffs' pick-up truck.  This is correct.  However, the court recognizes that another officer approached Mrs. Williams on the passenger side at about the same time,  and this second officer stayed with her until Mr. Williams was searched and handcuffed.  Thus, to the extent that the court's statement that Officer Leatherwood was by himself could be read to exclude the other officer attending to Mrs. Williams, it is clarified.  This clarification, however, makes no difference to the court's conclusions.

The court cannot find any ground upon which to grant the relief sought by the plaintiffs.  The plaintiffs have not presented the court with any intervening change of controlling law, any new evidence, or any instances where the court committed a clear error of law.  For the reasons articulated and developed in the response of defendant Leatherwood, it is hereby **ORDERED** that the plaintiffs' motion to alter or amend and for new conclusions of law is **DENIED**.

ENTER:


　　　　　　　*s/ Leon Jordan*　　　
United States District Judge