IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRUCE T. WILLIAMS and )
LILLIAN F. WILLIAMS, )
 )
      Plaintiffs, )
 )
v. ) No. 3:05-cv-189
 )
BRIAN LEATHERWOOD and )
CITY OF KNOXVILLE, TENNESSEE, )
 )
      Defendants. )

## MEMORANDUM OPINION

This civil action is before the court on the plaintiffs' motion to amend their complaint [doc. 44]. Both defendants have responded to the motion [docs. 51 and 52], and the motion is ripe for the court's consideration. For the reasons discussed below, the motion to amend the complaint will be denied.

In their motion, the plaintiffs seek to amend their complaint to: (1) correct some typographical errors; (2) expand the facts related to "double locking" the handcuffs placed on plaintiff Bruce Williams; (3) amend the First Count to assert a deficient investigation under Tennessee law of arrest; (4) amend the Second Count to add a claim for false imprisonment[1] without a mittimus under

---

[1] The plaintiffs initially label this claim as one for false arrest, but their discussion of this amendment focuses on false imprisonment.

Tennessee law; (5) amend the Third Count to distinguish between Fourth Amendment violations for false arrest and excessive force; (6) amend the Fourth Count to add a violation of their Fourteenth Amendment equal protection right to be free from unlawful arrest; (7) amend the Sixth Count to specify customs and practices of the City of Knoxville that were unconstitutional and the moving force behind defendant Leatherwood's conduct; and (8) amend the Seventh Count to specifically allege five separate negligent acts for which the City of Knoxville is liable under the Tennessee Governmental Tort Liability Act.

Under Rule 15 of the Federal Rules of Procedure, leave to amend a complaint is to be "freely given when justice so requires." The Sixth Circuit has identified several factors for the court to weigh when considering a motion to amend a complaint:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Id.* at 459.

2

In this case, the original complaint was filed on April 4, 2005, and the trial is set for October 10, 2006. Both defendants filed their motions for summary judgment on April 11, 2006, 180 days before trial, as required by the court's Scheduling Order. The plaintiffs were granted additional time to respond to the motions, and on June 26, 2006, the court granted defendant Leatherwood's motion for summary judgment and dismissed all the claims against him [docs. 38 and 39].[2] Four days later, the plaintiffs filed this motion to amend their complaint.

First, the plaintiffs have not offered any explanation for the delay in filing the motion to amend their complaint. The court's review of the proposed amendments and the original complaint shows that the plaintiffs were well aware of the factual basis for the claims they seek to add from the time they filed their lawsuit, almost sixteen months ago. Further, in his memorandum in support of his motion for summary judgment (filed April 11, 2206), defendant Leatherwood put the plaintiffs on notice that their complaint did not state a cause of action for excessive force when he stated: "There are no allegations of excessive force in Plaintiffs' Complaint." *See* doc. 25, p. 7. Still, the plaintiffs did not seek to amend their complaint.

The plaintiffs contend that amendment of the complaint in response to a motion for summary judgment is an acceptable procedure. This is a correct

---

[2] The plaintiffs deadline for filing a response to the motion for summary judgment filed by City of Knoxville was July 31, 2006, so the City's motion was not ripe when the court ruled on defendant Leatherwood's motion.

3

statement, except in this case the plaintiffs' motion to amend comes **after** the court has ruled on defendant Leatherwood's motion for summary judgment. The court finds that the unexplained delay in filing the motion to amend the complaint militates against granting the motion.

Second, the court finds that the prejudice to the defendants would be substantial. Summary judgment in favor of Leatherwood has already been granted. Further, adding new claims at this point, especially a claim for excessive force, would require both defendants to obtain new discovery, including depositions with the attendant costs, and prepare a defense to the new claims. The defendants would certainly seek to file new dispositive motions, but that deadline has passed, and the trial date is less than sixty days away.

Last, the court finds that many of the amendments would be futile. First, there is no need to expand facts in a complaint, especially after the facts have been developed in deposition testimony and submitted to the court as exhibits. Second, the court has already ruled that there is no jury question that defendant Leatherwood had the necessary reasonable suspicion to stop the plaintiffs' vehicle to investigate the road rage incident, and there was no negligence associated with the investigation. Third, the plaintiffs argue, without citation to authority, that under Tennessee law, "the tort of false imprisonment includes the tort of false arrest." Assuming arguendo that this statement is correct, the court has already found that the plaintiffs were not arrested or

4

imprisoned in violation of law. Fourth, a new equal protection claim would be futile since it is based on the unlawful arrest allegation. Fifth, new claims specifying customs and practices of the City of Knoxville are also futile because the court has already ruled that defendant Leatherwood did nothing wrong. Sixth, the court has already ruled that the plaintiffs may not import Tennessee constitutional standards into a federal civil rights lawsuit.

The plaintiffs' Governmental Tort Liability Act claims require a bit more discussion. To the extent that any of the claims relate to the City's liability for defendant Leatherwood's deficient investigation or false imprisonment, or the City's failure to train or supervise Leatherwood, these claims would fail based on the court's finding that defendant Leatherwood was not liable. This leaves only the claim for negligent handcuffing, which is not a new claim and not part of the plaintiffs' motion to amend the complaint.

Therefore, the court finds that the unexplained delay, substantial prejudice to the defendants, and the futility of the amendments necessitate that the plaintiffs' motion to amend the complaint be denied. An order reflecting this opinion will be entered.

ENTER:

                                   *s/ Leon Jordan*
                           United States District Judge